UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NAING N. AUNG,                    )
        Plaintiff,                )
                                  )
                v.                )
                                  )   CIVIL ACTION NO. 14-14402-PBS
                                  )
CENTER FOR HEALTH INFORMATION )
AND ANALYSIS, ET AL.,             )
        Defendants.               )


**MEMORANDUM AND ORDER**
July 31, 2015

SARIS, C.D.J.

**I.  INTRODUCTION**

On December 12, 2004, plaintiff Naing N. Aung ("Aung") filed

a complaint alleging employment discrimination/retaliation

against her employer, the Center for Health Information and

Analysis ("CHIA").  Three days later, Aung filed an Amended

Complaint (Docket No. 5) that essentially iterates the

substantive allegations contained in her original complaint,

albeit with some re-arranged sentences and additional background

information.[1]  On January 30, 2015, Aung filed a Motion for

---

[1]    Additionally, while not entirely clear, it appears in the
amended complaint that Aung seeks to add individual defendants;
however, the list of individual defendants is unclear.  The
caption of the amended complaint lists Aron Boros, Tonya
Bouroussa, Marc Prettenhofer, and David Wessman (care of his
attorney, Steven Weatherhead, Esq.).  It is unknown whether Aron
Boros is listed as a responsible party or simply as a contact
person for CHIA insofar as there are no allegations in the body

Appointment of Counsel (Docket No. 6).

On June 16, 2015, this Court issued an Order denying Aung's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) and directing her to pay the $400.00 filing and administrative fees of the Court by July 7, 2015.  Additionally, this Court reserved ruling on Aung's Motion for Appointment of Counsel (Docket No. 6) pending payment of the filing fee.

On July 2, 2015, Aung paid the $400.00 filing and administrative fees and filed a renewed Motion to Appoint Counsel (Docket No. 10).  In light of the payment of the filing fee, Aung's two motions to appoint counsel (Docket Nos. 6 and 10) are now ripe for review.  The question of issuance of summonses also needs to be addressed at this time.

## II.  DISCUSSION

A.   <u>The Motions for Appointment of Counsel</u>

Aung seeks to have a court-appointed attorney because she does not have funds to retain a lawyer and because she has made

---

the amended complaint setting forth a basis for liability of Aron Boros.  The same is true for Attorney Weatherhead.  Further, although the docket sheet lists the Massachusetts Commission Against Discrimination ("MCAD") as a party to this action, there are no allegations that it is liable to MCAD, and, as an agency of the Commonwealth of Massachusetts, it is entitled to sovereign immunity from a damages suit.  Finally, Aung seems also to make claims against Betty Harney, Kathy Hines, and Jen Gorke, but they are not listed in the caption of the case.

three attempts to find an attorney to represent her but has been unable to do so.

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  A civil plaintiff, however, does not have a constitutional right to free counsel.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  Id.  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  Id. at 24.[2]

As an initial matter, for purposes of this Memorandum and Order and despite Aung's characterization of her claims as fraud,

---

[2]     The standard is less stringent in employment discrimination cases.  See, e.g., Gadson v. Concord Hosp., 966 F.2d 32, 35 (1st Cir. 1992) (stating: "[a] district court considers three factors in determining whether to appoint counsel to a pro se plaintiff under Title VII: (1) the merits of plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability.").  "Any one of the three factors may be determinative."  Id. at 36 (citing Darden v. Illinois Bell Telephone Co., 797 F.2d 497, 501 (7th Cir. 1986)).

unfair treatments, and diminishing accusations, this Court presumes Aung's cause of action arises under Title VII, 42 U.S.C. § 2000(e) *et seq.*[3] At this juncture, despite the fact that Aung is unskilled in the law and may have a difficult time proceeding *pro se*, this Court cannot find that exceptional circumstances exist that would warrant appointment of *pro bono* counsel in this case. While the Court credits Aung's statements of her financial inability to retain counsel and her efforts to do so, on this record, appointment of counsel is not warranted.

Accordingly, plaintiff's Motions for Appointment of Counsel (Docket Nos. 6 and 10) will be <u>DENIED</u>.

## III. <u>Issuance of a Summons Only as to CHIA</u>

Because Aung appears to have exhausted her administrative remedies with MCAD with respect to CHIA, there is sufficient notice to permit the claims against CHIA to proceed. Nevertheless, it would be unfair to permit this action to proceed against the individual defendants in view of the apparent failure to exhaust her administrative remedies, and the pleading deficiencies. The complaint does not plainly set forth plausible claims against the individual defendants.

---

[3] Aung's claims set forth in her Civil Cover Sheet are state causes of action, and, absent a *bona fide* federal claim, this Court would lack diversity jurisdiction over them.

Because plaintiff has not been permitted to proceed *in forma pauperis*, she is not entitled to have the costs of service advanced by the United States Marshal Service ("USMS").  She may have service effected by the USMS provided she pay the service fee, or she may make other arrangements for service of process pursuant to Rule 4(c) of the Federal Rules of Civil Procedure or request a waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  Aung will have 120 days from the date of the issuance of the summons to effect service of process properly upon CHIA and file proof of service.  Failure to do so will likely result in a dismissal of this action.

Finally, the claims against the individual defendants (and MCAD if there are any) will be <u>DISMISSED</u> *sua sponte* without prejudice to plaintiff filing, within <u>21</u> days of the date of this Memorandum and Order, a Motion for Reconsideration as to any individual defendant provided, however, that she demonstrates good cause, with legal authority and a factual basis, for permitting that claim to proceed.  She also must demonstrate that she has exhausted her administrative remedies as to that individual or, alternatively, that there is a legal basis for finding that exhaustion of administrative remedies is not required before filing suit.

### III. CONCLUSION

Based on the foregoing, it is hereby ordered that:

1.  Plaintiff's Motions to Appoint Counsel (Docket Nos. 6 and 10) are <u>DENIED</u>;

2.  The Clerk shall issue a summons with respect to the Center for Health Information and Analysis only;

3.  All other claims against defendants Steven Weatherhead, Esq., Marc Prettenhofer, David Wessman, Betty Harney, Kathy Hines, Tonya Bourassa, Jen Gorke, and MCAD are <u>DISMISSED</u> *sua sponte* without prejudice to plaintiff filing, within <u>21</u> days of the date of this Memorandum and Order, a Motion for Reconsideration upon good cause shown;[4] and

4.  Plaintiff shall have 120 days from the date of this Memorandum and Order to effect service of process on the Center for Health Information and Analysis, and to file proof of service.

SO ORDERED.

/s/ Patti B. Saris
CHIEF, UNITED STATES DISTRICT JUDGE

---

[4]     This dismissal is not intended to constitute a separate and final judgment.

6