UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NAING N. AUNG,                      )
    Plaintiff,                     )
                                   )
        v.                    )
                                   )    CIVIL ACTION NO. 14-14402-PBS
                                   )
CENTER FOR HEALTH INFORMATION )
AND ANALYSIS, ET AL.,              )
    Defendants.                    )


## MEMORANDUM AND ORDER
March 8, 2016

SARIS, C.D.J.

### I.   INTRODUCTION

Pro se Plaintiff Naing N. Aung ("Aung") filed this action

alleging retaliation against her employer, the Center for Health

Information and Analysis ("CHIA") because she was terminated.

While the pro se complaint is hard to follow, she appears to

allege she was fired because she engaged in protected conduct

and suffered other adverse events in the workplace. She later

amended her complaint to add individual defendants.

On July 31, 2015, this Court issued a Memorandum and Order

(Docket No. 11) denying Aung's two Motions for Appointment of

Counsel, and permitted this action to proceed only against CHIA

and not against any individual co-workers or supervisors, or the

Massachusetts Commission Against Discrimination ("MCAD").[1]  Aung was afforded 21 days to file a Motion for Reconsideration as to any individual defendant, provided, however, that she demonstrated good cause, with legal authority, along with a factual basis for permitting the claims to proceed.  She also was directed to demonstrate that she had exhausted her administrative remedies with respect to the individuals before filing suit, or provide a legal basis to permit this action to proceed absent exhaustion.

On August 28, 2015, Aung filed a Motion for Reconsideration as to all the individual defendants except Steven Weatherhead (Docket No. 14-20). She also filed Exhibits (Docket No. 23) in support of her Motions for Reconsideration.  These included the Dismissal and Notification of Rights issued by MCAD on September 27, 2013, and the Investigative Disposition with the recommendation of a lack of probable cause.

## II.  DISCUSSION

The Court has reviewed each of Aung's Motions for Reconsideration (Docket Nos. 14-20) as well as her exhibits and letter (Docket Nos. 23 and 24).

---

[1] These defendants included Steven Weatherhead, Esq., Marc Prettenhofer, David Wessman, Betty Harney, Kathy Hines, Tonya Bourassa, Jen Gorke, and MCAD.

In the prior Memorandum and Order (Docket No. 11 at 4), this Court assumed that Aung's causes of action were raised pursuant to Title VII, 42 U.S.C. § 2000(e) *et. seq.* With respect to the claims against the individual defendants, Aung's claims fail at the outset because Title VII does not apply to individuals.  "Title VII addresses the conduct of employers only and does not impose liability on co-workers . . . . " Fantini v. Salem State College, et al., 557 F. 3d 22, 31 (1st Cir. 2009)(citations omitted).  In Fantini, the First Circuit Court of Appeals found that "[t]he statutory scheme [of Title VII] itself indicates that Congress did not intend to impose individual liability on employees." Id. at 30 (brackets in original), citing Miller v. Maxwell's International Inc., 991 F.2d 583, 587 (9th Cir. 1993).  See Roman-Oliveras v. Puerto Rico Elec. Power Authority, 655 F. 3d 43, 52 (1st Cir. 2011) (holding that Title I of the Americans with Disabilities Act, like Title VII, "addresses the conduct of employers only and does not impose liability on co-workers").

However, in light of the supplemental filings, the Court also examines the claims under state law, Mass. Gen. Laws. Ch. 151B, § 4(4), which allows for individual personal liability. Martin v. Irwin Industrial Tool Company, 862 F. Supp. 2d 37, 38 (D. Mass. 2012) ("[S]ection 4, which makes various employment

3

practices unlawful, contains multiple subsections which pertain to a multitude of individuals and entities.") (citing cases). With respect to her claims against the individual defendants, a plaintiff generally must first bring discrimination claims before MCAD or else the claims are barred. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). Generally speaking, plaintiff cannot maintain a civil action against any defendant not named in the MCAD complaint. Butler v. Department of State Police, 60 Mass. App. Ct. 461, 468 (2004).

Nevertheless, caselaw has held that the failure to name an individual as a respondent before MCAD is not necessarily dispositive. So long as the individual is identified sufficiently in the MCAD charge regarding that individual's conduct, and if the individual was put on notice of the charge and had an opportunity to conciliate, the individual may be included as a defendant in a later civil suit alleging Chapter 151B violations. See Chapin v. University of Massachusetts Lowell, 977 F. Supp. 72, 76 (D. Mass. 1997) citing Chatman v. Gentle Dental Center of Waltham, et al., 973 F. Supp. 228, 235 (D. Mass. 1997) However, plaintiff must allege facts to justify application of this exception to the exhaustion requirement. Butner, 60 Mass. App. Ct. at 468 n. 14; Singleton v. Sinclair Broadcase Group. Inc. 660 F. Supp. 2d 136, 147 (2010) (finding a

4

failure to exhaust where defendant has no notice that plaintiff intended to name him as a defendant.)

Aung has not specifically addressed the exhaustion issue with respect to each of the individual defendants as required by the prior Memorandum and Order, nor has she shown that all the individual defendants had the requisite notice and opportunity to conciliate. For starters, plaintiff has not submitted her complaint to the MCAD, so the Court cannot determine who was specifically mentioned. Also, while she has asserted a myriad of allegations against multiple co-workers in her supplemental filings, it is not at all clear they were on notice in the MCAD that they might be sued. The primary defendants discussed by the MCAD in the Investigative Disposition were Assistant Commissioner David Wessman and Marc Prettenhofer, the project manager.

In light of this uncertainty in the record on the issue of exhaustion under state law, the Motions for Reconsideration (Docket Nos. 14-17 and 19-20) are <u>ALLOWED</u>.

With respect to Aung's claims for monetary damages against MCAD, the Court also <u>DISMISSES</u> her claims because they are barred by Eleventh Amendment sovereign immunity, since MCAD is

an agency of the Commonwealth of Massachusetts.[2] Accordingly,
Aung's Motion for Reconsideration (Docket No. 18) is <u>DENIED</u>.

The Stay of this action is <u>VACATED</u>. The clerk should issue
summonses with respect to all the remaining individual
defendants except Steven Weatherhead. Aung must serve process
against all defendants within 90 days of the date of this
Memorandum and Order, failing which, this action may be
dismissed.

C.   <u>Request for Appointment of Counsel</u>

Aung may renew her request for appointment of counsel if
this case survives summary judgment and goes to trial.

## III. CONCLUSION

Based on the foregoing, it is hereby ordered that:

1.   Plaintiff's Motions for Reconsideration (Docket Nos. 14-17
     and 19-20) are <u>ALLOWED</u>;

2.   Plaintiff's Motion for Reconsideration (Docket No. 18) is
     <u>DENIED</u>;

3.   All claims against defendant Steven Weatherhead, Esq. are
     <u>DISMISSED</u>;

---

[2]   The Eleventh Amendment generally is recognized as a bar to
suits against a State, its departments and agencies unless the
State has consented to suit. U.S. Const. Amend. XIV. <u>Alabama v.
Pugh</u>, 438 U.S. 781, 781 (1978) (<i>per curiam</i>).  Unless a State has
"waived its Eleventh Amendment immunity or Congress has
overridden it, ... a State cannot be sued directly in its own
name regardless of the relief sought."   <u>Kentucky v. Graham</u>, 473
U.S. 159, 167 n. 14 (1985) (citing <u>Pugh</u>).  Here, there is no
basis for finding that the Commonwealth of Massachusetts has
waived its sovereign immunity.

4.    This Court's Stay pending appeal is <u>VACATED</u>;

5.    The clerk shall issue summonses as to all remaining
      defendants;

6.    Plaintiff is responsible for effecting service of process
      within 90 days from the date of this Memorandum and Order
      or the case will be dismissed. Aung is not proceeding *in
      forma pauperis*, and the United States Marshal Service no
      longer effects service for private individuals. Thus, Aung
      needs to make other arrangements for service of process in
      accordance with Fed. R. Civ. P. 4.


   SO ORDERED.

                              /s/ Patti B. Saris            .
                              CHIEF UNITED STATES DISTRICT JUDGE